```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

MARCUS THOMPSON,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )      Case No. CIV-22-173-JAR
                                    )
THE HOUSING AUTHORITY OF THE        )
CHEROKEE NATION; GARY COOPER;       )
and DWIGHT TYNER,                   )
                                    )
            Defendants.             )
```

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Petition (Docket Entry #6). The parties presented oral argument on the Motion at a hearing before the Court.

Plaintiff commenced this action in the District Court in and for Cherokee County, Oklahoma on November 1, 2021. He alleges that he was an employee of Defendant Housing Authority of the Cherokee Nation ("HACN") for twenty years prior to his termination. Plaintiff further alleges that on January 30, 2020, a committee of the Cherokee Nation Tribal Council held a meeting to discuss a potential amendment of the Cherokee Nation's implementation of the Indian Child Welfare Act. The Petition states that Plaintiff's employment with the HACN "required him to travel from site to site throughout the day, to inspect work on residences" and "therefore [Plaintiff] did not have a fixed jobsite or specific schedule for his lunch break."

Plaintiff states that his "schedule allowed for him to attend the

1

meeting of the committee of the Cherokee Nation . . . ." on January 30, 2020 during his lunch break. After several members of the Tribal Council voted to table action on the amendments indefinitely, Plaintiff states that he posted to social media the next morning concerning the meeting. He alleges that he "expressed his frustration" at the Tribal Council's actions which resulted in Tribal Council members receiving "significant public criticism."

Plaintiff states in his Petition that "[w]ithin hours of him posting to social media", Defendants Gary Cooper, the Executive Director of HACN ("Cooper") and Dwight Tyner, the Director of HACN ("Tyner") "began conspiring to retaliate against Plaintiff for his social media posts." Cooper and Tyner allegedly demanded that Plaintiff account for his whereabouts and work status during the Tribal Council meeting. Plaintiff was placed on administrative leave on February 5, 2020 to allow further investigation by HACN. On February 7, 2020, Plaintiff was terminated from his employment with HACN effective immediately, allegedly for violating policy.

Plaintiff alleges that he was actually terminated "for engaging in Constitutionally protected speech in his personal capacity by speaking publicly about matters of great public concern, involving action taken by certain members of the Tribal Council of the Cherokee Nation. . . ." He alleges that the policy violations cited for his termination "were simply pretext for this retaliation."

2

Plaintiff asserts eight claims in this action –

**Count One:** **Burk** **Tort against HACN** – alleging the wrongful termination for engaging in Constitutionally protected speech of public concern;

**Count Two:** **Constitutional Tort against HACN** – alleging that HACN breached its duty to Plaintiff established under the Oklahoma and United States Constitutions by placing him on administrative leave and terminating him for engaging in protected speech under the pretext of having violated policy;

**Count Three:** **42 U.S.C. § 1983 against HACN** – alleging his speech was protected by the First and Fourteenth Amendments to the United States Constitution as dealing with a matter of public concern;

**Count Four:** **42 U.S.C. § 1983 against Cooper and Tyner** – alleging the same bases as under Count Three;

**Count Five:** **Burk** **Tort against Cooper and Tyner** – alleging the same bases as Count One.  Plaintiff pleads this claim in the alternative should it be determined Cooper and Tyner acted outside the scope of their employment;

**Count Six:** **Constitutional Tort against Cooper and Tyner** – alleging the same bases as Count Two.  Plaintiff pleads this claim in the alternative should it be determined Cooper and Tyner acted outside the scope of their employment;

**Count Seven:** **Intentional Infliction of Emotional Distress against Cooper and Tyner** – alleging that these Defendants' "actions in conspiring to and retaliating against Plaintiff . . . were so extreme and outrageous as to go beyond all possible bounds of decency and were atrocious and utterly intolerable in a civilized society."

**Count Eight:** **Civil Conspiracy against Cooper and Tyner** – alleging these Defendants conspired with one another to retaliate against Plaintiff for engaging in Constitutionally protected activities.

### Service Upon Defendant Cooper

Defendant Cooper contends that he was not served in a timely manner.  As noted, this action was filed on November 1, 2021 which required under

3

Oklahoma law that Defendant Cooper be served within 180 days or by May 1, 2022. Okla. Stat. tit. 12 § 2004(I). On April 20, 2022, Plaintiff mailed the summons and Petition to Defendant Cooper, return receipt and certified mail restricted delivery. *See* Motion to Remand (Docket Entry #12), Exh. No. 4. On April 25, 2022, the summons and Petition was delivered. The signature on the return receipt is illegible and the address for the recipient appears to read "HUD." Id.

Plaintiff clearly complied with the service statue under Oklahoma law. Okla. Stat. tit. 12 § 2004(C)(2)(b). It appears that the United States Post Office failed in its mission to deliver the summons and Petition as directed. However, even if service was not accomplished within the 180 days provided by Oklahoma law, federal law provided Plaintiff with an additional 120 days by which to accomplish service after removal. Fed. R. Civ. P. 4(m); Wallace v. Microsoft Corp., 596 F.3d 703, 707 (10th Cir. 2010). At the hearing on this matter, Cooper's counsel stated that he was authorized to accept service for Cooper. The spirit and letter of the service statutes have been met.

**Counts One and Two – Tort Claims Against HACN**

HACN contends that Plaintiff failed to properly allege compliance with the notice provisions of the Oklahoma Governmental Tort Claims Act was accomplished, citing Simington v. Parker, 250 P.3d 351 (Okla. Civ. Ct. App. 2011). Plaintiff states in the Petition that "Plaintiff Marcus Thompson made timely demand on Defendant HACN pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, *et seq*."

4

"Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings." Stout v. Cleveland Cnty. Sheriff's Dep't, 419 P.3d 382, 389 (Okla. Ct. Civ. App. 2018). Implicit within the statement that Plaintiff made "timely demand" is that notice was provided to HACN. An action against a political subdivision must be "commenced within one hundred eighty (180) days after denial of the claim." Okla. Stat. tit. 51 § 157(B). Plaintiff alleges in the Petition that the claim was deemed denied by HACN's failure to respond. While not a model of clarity, this Court finds these statements are sufficient to satisfy the notice provisions of the Oklahoma Governmental Tort Claims Act.[1]

### Counts Five, Six, Seven, and Eight – State Claims Against Cooper and Tyner

Cooper and Tyner contend that the other state law claims must be dismissed because the Oklahoma Governmental Tort Claims Act precludes claims against employees of a political subdivision of the State of Oklahoma while acting within the scope of their authority. Okla. Stat. tit. 51 §§ 153(C), (D), and 152(7). While Plaintiff has expressly plead these claims in the alternative should it be determined that Cooper and Tyner were acting outside the scope of their authority, they must be authorized by case authority against individuals. Alternative pleading is permitted but the claim asserted must be legally cognizable. This Court will address the issue of whether the tort claims may be asserted

---

[1] HACN suggests that notice was not provided to it in compliance with the Act. The sufficiency of the actual notice provided is a separate issue which is not raised in the Motion.

against individuals in the order raised in the Motion.

### Counts Three and Four – Federal Constitutional Claims Against HACN, Cooper, and Tyner

Defendants assert that Plaintiff has failed to provide sufficient factual detail in the Petition on the claims brought pursuant to 42 U.S.C. § 1983. A plaintiff's claims are required to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an

6

accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

To prevail on a free speech claim as Plaintiff asserts in this action, he must demonstrate

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

Leverington v. City of Colorado Springs, 643 F.3d 719, 724 (10th Cir. 2011).

At the very least, in order to state a plausible free speech claim, Plaintiff must set out the speech that he made. He has not done so in the Petition, only stating that he posted on social media. This level of vagueness does not meet the Twombly/Iqbal standards. Plaintiff will be required to file an Amended Complaint to set out the facts that support the elements referenced in Leverington for the constitutional claims in Counts Three and Four.

### Counts Five and Six – Burk and Constitutional Torts Against Cooper and Tyner

Cooper and Tyner seek dismissal of the Burk and constitutional tort claims against them contending that the law does not support such claims against individuals. This Court perceives that Plaintiff has named Cooper and Tyner in their individual and not official capacities. This Court would first note that Plaintiff does not provide a cognizable argument on this contention.

Public policy in Oklahoma does not extend to individual liability. Eapen v. McMillan, 196 P.3d 995, 997-98 (Okla. Ct. Civ. App. 2008). As a result, Counts Five will be dismissed.

The constitutional tort addressed in Count Six is similarly based in the Oklahoma Governmental Tort Claims Act. This Act is intended to address torts against governmental entities not individuals. Consequently, this claim against Cooper and Tyner should also be dismissed.

8

### Count Seven – Intentional Infliction of Emotional Distress Against Cooper and Tyner

Cooper and Tyner assert that Plaintiff's claim for intentional infliction of emotional distress has not been plausibly set forth to permit it to proceed. To prevail on such a claim, Plaintiff must prove

> 1) the alleged tortfeasor acted intentionally or recklessly; 2) the alleged tortfeasor's conduct was extreme and outrageous; 3) the conduct caused the plaintiff emotional distress; and 4) the emotional distress was severe.
>
> Durham v. McDonald's Restaurants of Oklahoma, Inc., 256 P.3d 64, 66 (Okla. 2011).

Nothing in the allegations within the Petition demonstrates the level of "extreme and outrageous" conduct sufficient to sustain an intentional infliction of emotional distress claim. This claim will also be dismissed.

### Count Eight – Civil Conspiracy Against Cooper and Tyner

Cooper and Tyner contend Plaintiff cannot maintain the claim for civil conspiracy against them as a matter of law since none of the actions they allegedly took as set forth in the Petition indicates they acted unlawfully. "[C]ivil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability. In order to be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. *There can be no civil conspiracy where the act complained of and the means employed are lawful.*" Gaylord Ent. Co. v. Thompson, 58 P.2d 128, 148 (Okla. 1998)(emphasis in original). Because this claim cannot be

9

maintained based upon the allegations in the Petition, it shall be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Petition (Docket Entry #6) is hereby **GRANTED,** in part and **DENIED,** in part. The Counts Five and Six – <u>Burk</u> and Constitutional Torts against Cooper and Tyner, Count Seven – Intentional Infliction of Emotional Distress against Defendants Cooper and Tyner, and Count Eight – Civil Conspiracy against Cooper and Tyner are hereby **DISMISSED.**

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint providing further factual support for Counts Three and Four – against all Defendants pursuant to 42 U.S.C. § 1983 no later than **JANUARY 17, 2023.**

IT IS SO ORDERED this  3rd  day of January, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE